NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MILTON SONNEBERG,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA<br><br>　　　　Respondent. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 05-CV-4871(DMC) |

　　　　This matter comes before the Court upon motion by Petitioner Milton Sonneberg ("Petitioner") for relief from judgment from conviction and sentence imposed in May 29, 1997 by the District Court (Hon. Nicolas Politan presiding). No oral argument was heard pursuant to Fed. R. Civ. P. 78 . It is the finding of this Court that Petitioner's motion is **denied**.

### BACKGROUND

　　　　Petitioner was convicted of conspiracy to commit wire and mail fraud, wire fraud, and multiple counts each of mail fraud and interstate transportation of money obtained through fraud. (95-CR-244(NHP)). The District Court sentenced Petitioner to a seventy-six month prison term and ordered him to pay $5.2 million in restitution. Petitioner subsequently sought review of his conviction and sentence in the Third Circuit Court of Appeals. On August 12, 1998, the Third Circuit affirmed the conviction and sentence by judgment order.[1] The Supreme Court denied Petitioner's petition for certiorari on March 5, 1999.

　　　　On March 1, 2000, Petitioner filed a petition for collateral relief with the District Court

---

[1] See United States v. Sonneberg, 164 F.3d 621 (3d Cir. 1998).

pursuant to 28 U.S.C.§ 2255, arguing that the district court failed to properly instruct the jury. (00-CV-1000 (NHP)). While that petition was pending, Petitioner filed a writ of mandamus, which was denied by the District Court on March 20, 2001. On April 6, 2001, the District Court denied the Section 2255 petition and denied certificate of appealability. A request for reconsideration by Petitioner was denied. On May 2, 2001, Petitioner filed a timely notice of appeal and request for certificate of appealability from the Third Circuit. The Third Circuit granted Petitioner a certificate of appealability on limited grounds. On January 14, 2003, the Third Circuit affirmed the District Court's denial of Petitioner's petition for collateral relief, holding that the case law upon which Petitioner based his appeal was not an intervening change the law that warranted re-litigation of the issue already decided on direct appeal. On October 11, 2005, Petitioner filed the instant motion for relief from his conviction and sentence of May 29, 1997. .

## ANALYSIS

This action was filed by Petitioner with the Clerk's Office in the form of a Complaint, titled "Motion to Vacate and Set Aside Judgment and to Expunge the Record in Nature of Coram Nobis." Writs of Coram Nobis were abolished by Federal Rule of Civil Procedure 60(b). Fed.R.Civ.P. 60(b) states that "the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action".

Because writs of corum nobis have been abolished, this Court must determine the proper vehicle for Petitioner's request for relief. In his papers, Petitioner argues that this Court should vacate his conviction, asserting that in light of the Supreme Court's decision in Neder v. United States, 527 U.S. 1 (1999), the conduct for which he was convicted is no longer criminal. However, this argument was previously raised by the Petitioner in a 28 U.S.C. § 2255 petition filed on March 1, 2000. (00-CV-1000 (NHP)). Judge Politan denied that Section 2255 petition on April 6, 2001,

as well as Petitioner's request for reconsideration issued on May 7, 2001.

In light of the above, it first appeared to the Court that the instant motion should be construed as a Rule 60(b) motion. However, under the law as established in this Circuit, it is more appropriately classified as a second or successive 2255 motion to vacate, set aside and correct his sentence. See In re Wagner, 421 F.2d 275, 277 (3d Cir.2005) ('[t]hus, although it was labeled as a motion under Fed.R.Civ.P. 60(b)(6), [defendant's motion] was in substance a motion under 28 U.S.C. § 2255"). The Court of Appeals recently explained the rationale of the distinction between a Rule 60(b)motion and a § 2255 application in the context of a § 2254 case:

> We find the reasoning of the First, Fourth, Seventh, Eighth, and Ninth Circuits convincing. We are particularly persuaded by the First Circuit's explanation in Rodwell v. Pepe, 324 F.3d 66, 67 (1st Cir.2003), that "AEDPA's restrictions on the filing of second or successive habeas petitions make it implausible to believe that Congress wanted Rule 60(b) to operate under full throttle in the habeas context." We concur and hold that, in those instances in which the factual predicate of a petitioner's Rule 60(b)motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b)motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition. We believe that this rule is consonant with Congress's goal of restricting the availability of relief to habeas petitioners.

Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir.2004). In order to file a second or successive Section 2255 motion a movant must first file an application with the Court of Appeals for an order authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3) and 2255. Here, Petitioner has not obtained authorization to file this motion, and therefore this Court is without jurisdiction to hear it. As such, this Court has two options: 1) dismiss Petitioner's motion or 2) transfer it to the Court of Appeals so that that Court could decide whether to authorize a successive § 2255 petition.

The Court has reviewed the extensive record in this case. All of the issues raised by Petitioner in this successive Section 2255 motion were addressed by the Third Circuit in its previous

Opinions and Orders. As such, this Court is of the Opinion that the state of the law would not be served by transferring this case to the Court of Appeals. Dismissal is appropriate.

## **CONCLUSION**

In light of the above, Petitioner's successive habeas petition is hereby denied and dismissed. This case is closed.

                                          S/ Dennis M. Cavanaugh
                                          Dennis M. Cavanaugh, U.S.D.J.

Date:    February 15, 2006
Original: Clerk's Office